1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

FERNANDO HERNANDEZ, et al.,
Booking No. A797-35878,

13

Plaintiffs,

14
15
16

vs.

17
18

VOAK HOMES,

19
20
21

Defendants.

22
23
24

Civil No.    14cv1298 BAS (RBB)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2);**

**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL (Doc. 3);**

**(3) DENYING MOTION FOR PRELIMINARY INJUNCTION (Doc. 4);**

**AND**

**(4)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

25

Fernando Hernandez ("Plaintiff"), currently housed at the San Diego Correctional

26

Facility, and proceeding *pro se*, has filed this civil action rights action pursuant to 42

27

U.S.C. § 1983 and 42 U.S.C. 3604.  Plaintiff also purportedly brings this action on behalf

28

of Mayra Piedrasanta, Jhoana Belen Chinchilla, Lucas Chinchilla, and Kevin Chinchilla.

Plaintiff did not prepay the civil filing and administrative fees required by 28 U.S.C. § 1914(a) instead he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. 2).  In addition, Plaintiff has filed a Motion for Appointment of Counsel, along with a "Motion for Preliminary Injunction and Temporary Restraining Order."  (Docs. 3, 4.)

## I.   PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915).

Because Plaintiff is currently an immigration detainee, and is not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. *Andrews*, 398 F.3d at 1122.  Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action.  *See* S.D. CAL. CIVLR 3.2(d).

1    Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to

2    28 U.S.C. § 1915(a) (Doc. 2).

3    **II.    REQUEST FOR APPOINTMENT OF COUNSEL**

4    Plaintiff also requests the appointment of counsel to assist him in prosecuting this

5    civil action.  The Constitution provides no right to appointment of counsel in a civil case,

6    however, unless an indigent litigant may lose his physical liberty if he loses the

7    litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless,

8    under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel

9    for indigent persons.   This discretion may be exercised only under "exceptional

10   circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of

11   exceptional circumstances requires an evaluation of both the 'likelihood of success on

12   the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the

13   complexity of the legal issues involved.'  Neither of these issues is dispositive and both

14   must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v.*

15   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

16   The Court denies Plaintiff's request without prejudice, as neither the interests of

17   justice nor exceptional circumstances warrant appointment of counsel at this time.

18   *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

19   **III.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

20   Notwithstanding IFP status or the payment of any filing fees, the PLRA also

21   obligates the Court to review complaints filed by all persons proceeding IFP and by

22   those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

23   sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

24   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

25   practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these

26   provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions

27   thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

28   defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*

*Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Thus, while the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.    42 U.S.C. § 1983

In his Complaint, Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and is seeking to hold Defendant Voak Homes liable for alleged constitutional violations. (*See* Compl. at 1.)  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*).

Private parties or entities do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of

section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997).  In other words, Plaintiff must allege facts to shoe that the private actor's conduct is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Here, Plaintiff's Complaint fails to allege facts sufficient to show that Defendant Voak Homes acted on behalf of, or in any way which is attributable to, the State.  Thus, without more, Plaintiff's allegations fail to satisfy the first essential prong of a § 1983 claim.

### B.    Fair Housing Act

The Fair Housing Act ("FHA")  prohibits discrimination in the sale or rental of a "dwelling" based on, "race, color, religion, sex, familial status, or national origin," and was later amended to include a prohibition of discrimination based on disability and familial status.  42 U.S.C. § 3604.  To make a claim of discrimination, Plaintiff must set forth "prima facie case elements" which are: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th. Cir. 1999).  In this case, Plaintiff claims that Defendant Voak Homes has "discriminated [against] Plaintiff's because of handicap." (Compl. at 2.)  In order to establish this claim, Plaintiff must suffer from a handicap as defined by 42 U.S.C. § 3602(h).  This section defines a handicap as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment."  42 U. S. C. § 3602(h).

Plaintiff offers no factual support with regard to his claim that he has a handicap as defined by the FHA or that the Defendant is aware that Plaintiff suffers from a

1  handicap. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that FED.R.CIV.P. 8
2  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation,"
3  and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual
4  matter, accepted as true, to 'state a claim for relief that is plausible on its face.'")
5  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

6  Plaintiff also brings this FHA action on the grounds that Defendant is
7  discriminating against him "on the basis of familial status." (Compl. at 3.)  "Familial
8  status" is defined under the FHA as "one or more individuals (who have not attained the
9  age of 18 years) being domiciled with . . . a parent or another person having legal
10  custody of such individual or individuals." 42 U.S.C. § 3602(k)(1).  In order to make a
11  prima facie showing of intentional discrimination based on familial status, Plaintiff must
12  show that a "protected group has been subjected to explicitly differential–i.e.
13  discriminatory-treatment." *Community House, Inc. v. City of Boise*, 490 F.3d 1041, 1050
14  (9th Cir. 2007).  Here, Plaintiff alleges that his family members are being removed
15  because "they cannot be able to pay for the rent."  (Compl. at 3.)  There are no
16  allegations that they are being treated differently than any other tenant.

17  Accordingly, the Court finds that Plaintiff has failed to make the requisite prima
18  facie showing to state a claim under the FHA.

19  **V.    MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING**
20  **ORDER**

21  Plaintiff has filed a Motion for Preliminary Injunction pursuant to FED.R.CIV.P.
22  65(a).  Rule 65 of the Federal Rules of Civil Procedure provides that "the court may
23  issue a preliminary injunction only on notice to the adverse party." FED.R.CIV.P. 65(a).
24  As a preliminary matter, Plaintiff's Motion for Injunction does not comply with Rule
25  65(a)'s important procedural notice requirement.  Here, Plaintiff has not demonstrated
26  that his Complaint, or his Motion have been served on any named Defendant.

27  Plaintiff's Motion does not comply with this elemental procedural requirement of
28  Federal Rule of Civil Procedure 65(a).  Thus, the Court must **DENY**, without prejudice,

Plaintiff's Motion for Preliminary Injunction (Doc. 4) pursuant to FED.R.CIV.P. 65(a).

Even if Plaintiff had properly served Defendants with notice of this Motion, this Motion would be denied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). As set forth in detail above, the Court finds that dismissal of this action for failing to state a claim is appropriate following sua sponte screening. Therefore, Plaintiff is unable to show, for purposes of his Motion, that he is "likely to succeed on the merits." *Id.*

Because Plaintiff is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## VI.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion for Preliminary Injunction (Doc. 4) is **DENIED**.

2.     Plaintiff's Request for Appointment of Counsel (Doc. 3) is **DENIED**.

3.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete

1  in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal*

2  *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)

3  ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567

4  (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint

5  which are not alleged in an amended complaint are waived.").

6      4.      The Clerk of Court is directed to mail Plaintiff a court approved civil rights

7  form.

8

9  **DATED: June 3, 2014**

10                      **Hon. Cynthia Bashant**
                        **United States District Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-                                           14cv1298 BAS (RBB)